Suit by B.L. Brooks against the City of West Miami to enjoin defendant from enforcing ordinance requiring parallel parking in front of his place of business. From adverse decree, the plaintiff appeals.
Affirmed.
The appellant sought to enjoin the appellee from enforcing an ordinance requiring parallel parking in front of his place of business on Red Road. For many years vehicles had been so parked there as to form with the curb an angle of forty-five degrees, and of course under the system required by the ordinance now attacked, the capacity for the accommodation of automobiles is greatly reduced.
It is not with the wisdom of the law or the authority to pass such an ordinance that we are concerned, but only with the jurisdiction of the city over the particular area, a question that arose from the definition of the boundaries of the city appearing in a resolution adopted at the meeting where it was organized. There the corporate territory was described as "Bounded * * * on the East by Southwest Fifty-seventh Avenue, (Red Road) * * *." If, then, the center line of Red Road became the city limit, as appellee contends, there was jurisdiction in the municipality to regulate vehicles on the west side of the street in front of appellant's store; if, on the other hand, the words we have quoted fixed the east boundary of the city at the west line of the street, as appellant insists, the municipality would lack jurisdiction.
We agree with the chancellor that the first interpretation is correct.
There is evidently a dearth of authority on the subject; however, we have been cited one case, to which reference is made in McQuillin, Municipal Corporations, Second Edition, Revised, Volume 1, Section 280, where the precise point was considered. In re Reed's Petition, 13 N.H. 381. There the court construed the provision *Page 557 
of the charter of a town which gave one of the boundaries as extending "`east, two hundred fifteen rods, to the Branch turnpike road in Marlborough * * *.'" The court decided that in the absence of anything to control the general language of "a grant running to and bounding on a highway" the same rule obtained which applied to boundaries on nonnavigable streams and that the center of the highway became the boundary line.
Under the pleadings in this case we have the view that this is the only question that need be answered.
The decree is affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur. *Page 558